EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Ricardo Alfonso DiCristina Rexach<br><br>Peticionario | Certiorari<br><br>2020 TSPR 78<br><br>204 DPR \_\_\_\_ |
| --- | --- |

Número del Caso:  CC-2018-1015


Fecha:  5 de agosto de 2020


Tribunal de Apelaciones:

        Panel V


Abogado de la parte peticionaria:

        Por derecho propio



Oficina del Procurador General:

        Lcdo. Isaías Sánchez Báez
        Procurador General

        Lcda. Liza M. Delgado González
        Procuradora General Auxiliar



Materia:  Derecho Penal: Aplicación del principio de favorabilidad y del concurso de delitos conforme al Código Penal de 2012, según enmendado por la Ley Núm. 246-2014.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                    CC-2018-1015        *Certiorari*

Ricardo Alfonso DiCristina
Rexach

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 5 de agosto de 2020.

En el presente caso nos corresponde determinar si el Tribunal de Apelaciones erró al concluir que procedía resentenciar al aquí peticionario, señor Ricardo Alfonso DiCristina Rexach, solamente por su infracción al Artículo 190 del Código Penal de 2012, *infra*, ello conforme a las enmiendas introducidas al mismo a través de la Ley Núm. 246-2014, *infra*, y en virtud del principio de favorabilidad; y no resentenciarlo en lo relacionado a su violación al Art. 156 del Código Penal de 2012.

Debemos también resolver si -- en lo que respecta a la causa de epígrafe -- el foro apelativo intermedio erró al no aplicar las disposiciones sobre concurso

de delitos contenidas en el Art. 71 del Código Penal de 2012, el cual también fue enmendado por la Ley Núm. 246-2014, *infra*.

Por entender que el foro apelativo intermedio erró en parte en su proceder, procedemos a modificar el dictamen recurrido. Veamos.

I.

Por hechos ocurridos el 5 de enero de 2013, mientras efectuaba un robo a una tienda de celulares junto con otro individuo, el señor Ricardo Alfonso DiCristina Rexach (en adelante, "señor DiCristina Rexach") fue sentenciado a cumplir una pena de reclusión ascendente a ciento setenta y un (171) años por la comisión de los siguientes delitos, según tipificados en el Código Penal de 2012, *infra*: asesinato en primer grado (Art. 92, 33 LPRA sec. 5141) (noventa y nueve (99) años); restricción de libertad agravada (Art. 156, 33 LPRA sec. 5222) (ocho (8) años); robo agravado (Art. 190, 33 LPRA sec. 5260) (treinta (30) años); conspiración (Art. 244, 33 LPRA sec. 5334) (tres (3) años); y destrucción de pruebas (Art. 285, 33 LPRA sec. 5378) (tres (3) años). Dicha pena incluyó, además, las siguientes violaciones a la Ley de Armas de Puerto Rico, Ley Núm. 404 de 11 de septiembre de 2000, 25 LPRA secs. 455 *et seq.*: portación y uso de armas de fuego sin licencia (Art. 5.04) (veinte (20) años); uso de arma blanca (Art. 5.05) (tres (3) años); y disparar y apuntar con armas de fuego (Art. 5.15) (cinco (5) años).

Así las cosas, varios años después de haberse dictado sentencia en su contra, el 10 de septiembre de 2018 para ser específicos, el señor DiCristina Rexach presentó ante el Tribunal de Primera Instancia una *Moción de Corrección de Sentencia*. En ésta adujo que, en lo que respecta a las penas impuestas por los delitos de los cuales resultó convicto procedía aplicar las disposiciones de las enmiendas hechas por la Ley Núm. 246-2014, *infra* al Código Penal de 2012, que le fuesen más favorables. Ello, conforme al principio de favorabilidad contenido en el Art. 4 del referido Código Penal.

Examinada la moción antes descrita, el 25 de septiembre de 2018 el foro primario declaró no ha lugar la misma. La referida *Resolución* fue oportunamente notificada al señor DiCristina Rexach.

Inconforme con dicha determinación, el señor DiCristina Rexach recurrió ante el Tribunal de Apelaciones mediante recurso de *certiorari*. En síntesis, planteó que el Tribunal de Primera Instancia erró al no aplicar el principio de favorabilidad a su sentencia, a pesar de que algunas de las enmiendas realizadas por la Ley Núm. 246-2014, *infra*, al Código Penal de 2012, le eran más favorables. Señaló también procedía aplicarle el Art. 71 del Código Penal, *infra*, el cual atiende el concurso de delitos, ya que fue enmendado por la Ley Núm. 246-2014 de forma que resultaba más favorable.

Examinado el recurso presentado por el señor DiCristina Rexach, el foro apelativo intermedio emitió una *Sentencia* en la que revocó el dictamen del Tribunal de Primera Instancia, ello tras concluir que procedía que se modificara la sentencia para que se cumplieran los términos de las penas según fueron enmendadas por la Ley Núm. 246-2014, *infra*. Conforme a lo anterior, dispuso que **solamente** debía corregirse la pena impuesta por infracción al Artículo 190 del Código Penal de 2012, *supra*, ya que la enmienda introducida en el año 2014 apareja una pena más benigna que aquella por la cual el señor DiCristina Rexach fue sentenciado. En cuanto a las infracciones a la Ley de Armas de 2000, *supra*, el foro recurrido razonó que dicho estatuto es una ley especial a la cual no se extiende el principio de favorabilidad.

Insatisfecho aún, el señor DiCristina Rexach acude ante nos por derecho propio, mediante la *Petición de certiorari* que nos ocupa.[1] **En el referido recurso, éste alega que el Tribunal de Apelaciones erró al concluir que sólo procedía**

---

[1] Luego de haberse expedido el auto, el Procurador General compareció ante nos mediante *Urgente moción de reconsideración, solicitud de desestimación y anulación del auto de certiorari*. En dicho escrito, adujo que el recurso de *certiorari* no se perfeccionó adecuadamente porque el mismo no fue notificado al Estado conforme a lo dispuesto por la Reglas 20(e) y 39 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B. No obstante, reconociendo las dificultades que puede enfrentar un confinado o confinada para notificar un recurso judicial, y en aras de garantizarle a éstos y éstas un verdadero acceso a la justicia, este Tribunal declaró no ha lugar la referida solicitud. Al así hacerlo, le ordenamos a la Secretaría de este Tribunal que le notificara al Fiscal de Distrito y al Procurador General el referido recurso, y le concedimos a este último un término para responder al mismo. Ese es el mecanismo reglamentario del Tribunal de Apelaciones y no se justifica un tratamiento dispar ante este foro.

**modificar la pena impuesta por infracción al Art. 190 del Código Penal, *supra*, ya que, a su juicio, en virtud del principio de favorabilidad, también procedía modificar la pena que le fue impuesta por violación al Art. 156 del Código Penal, *supra*.**

**El señor DiCristina Rexach plantea, además, que la Ley Núm. 246-2014, *infra*, enmendó el Art. 71 del Código Penal de 2012, *infra*, el cual regula el concurso de delitos, de forma que éste le resulta más favorable. Según el peticionario, al amparo del precitado artículo, procedía modificar las penas impuestas por los demás delitos imputados bajo el Código Penal de 2012, de modo que la pena de noventa y nueve (99) años por asesinato en primer grado absorbiera las mismas.[2]**

Oportunamente, la Oficina del Procurador General se opuso a dicha solicitud.[3] En esencia, sostiene que, según lo resuelto por este Tribunal en *Pueblo v. Suárez Fernández*, 116 DPR 842 (1986), la doctrina del concurso de delitos no aplica cuando el acto genera más de una lesión, en cuyo caso constituye un delito punible separadamente de los demás. De otra parte, el Procurador General argumenta que no es de

---

[2] En su petición de *certiorari*, el señor DiCristina Rexach reconoce que las disposiciones relacionadas al concurso de delitos no son aplicables a la Ley de Armas de Puerto Rico, *supra*, toda vez que el Art. 7.03 de dicha ley establece que "todas las penas de reclusión que se impongan bajo este capítulo serán cumplidas consecutivamente entre sí y consecutivamente con las impuestas bajo cualquier otra ley". 25 LPRA sec. 460b. Así, deja claro que **no está solicitando la aplicación del Art. 71 del Código Penal de 2012, *infra*, a las penas impuestas bajo la Ley de Armas de Puerto Rico, *supra*.**

[3] Véase, Alegato del Pueblo de Puerto Rico.

aplicación el concurso real de delitos, pues los delitos imputados no son de igual o similar naturaleza.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II.

A.

Como es sabido, en nuestro ordenamiento jurídico rige el postulado básico de que a los hechos delictivos les es de aplicación la ley vigente al tiempo de cometerse el delito. *Pueblo v. González Ramos,* 165 DPR 675, 684 (2005); *Pueblo v. Rexach Benítez,* 130 DPR 273, 301 (1992). Sin embargo, siguiendo la doctrina continental europea, en nuestra jurisdicción hemos adoptado lo que conocemos como el principio de favorabilidad. *Pueblo v. Torres Cruz,* 194 DPR 53 (2015); *Pueblo v. González Ramos, supra; Pueblo v. Rexach Benítez, supra.*

El principio de favorabilidad, consagrado por primera vez en el Art. 4 del Código Penal de 1974, 33 LPRA ant. sec. 3004, establece que, si una ley penal cuyos efectos resultan en un tratamiento más favorable para un acusado se aprueba con posterioridad a la comisión de los hechos delictivos, ésta se debe aplicar retroactivamente, de modo que el acusado disfrute de sus beneficios. *Pueblo v. Torres Cruz, supra; Pueblo v. Hernández García,* 186 DPR 656 (2012)*; Pueblo v. González Ramos, supra.* Este principio procura evitar la aplicación arbitraria e irracional de la ley penal, pues "el

principio republicano de gobierno exige la racionalidad de la acción del estado y ésta es afectada cuando, por la mera circunstancia de que un individuo haya cometido el mismo hecho con anterioridad a otro, se le trate más rigurosamente". L. E. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da ed., San Juan, Pubs. JTS, 2013, pág. 59.

Actualmente, este principio se encuentra regulado por el Art. 4 del Código Penal de 2012, 33 LPRA sec. 5004, el cual establece que:

> La ley penal aplicable es la vigente al momento de la comisión de los hechos.
>
> La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:
>
> (a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.
>
> (b) **Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente.**
>
> (c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.
>
> En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho. (Énfasis suplido) 33 LPRA sec. 5004.

B.

Establecido lo anterior, es menester señalar que, a diferencia de la prohibición constitucional de leyes *ex post facto*, el principio de favorabilidad es uno de carácter estatutario que surge como un acto de gracia legislativa. *Pueblo v. Torres Cruz*, *supra*; *Pueblo v. González Ramos*, *supra*. Por tal razón, la aplicación retroactiva de las leyes penales que favorezcan al acusado es una prerrogativa que recae enteramente sobre el legislador. *Pueblo v. Hernández García*, *supra*; *Pueblo v. González Ramos*, *supra*. De esta forma, el legislador tiene la facultad de establecer excepciones a dicho principio y ordenar la aplicación prospectiva de la ley vigente al momento de la comisión del hecho punible, aunque ésta sea menos favorable para el acusado que la ley vigente al momento de la condena. *Pueblo v. González Ramos*, *supra* (citando a A. Bascuñán Rodríguez, *La aplicación de la ley penal más favorable*, 69 Rev. Jur. UPR 29, 42 (2000)).

A tono con lo antes expuesto, en nuestro ordenamiento jurídico se han adoptado las llamadas cláusulas de reserva, las cuales cumplen el propósito de asegurar la aplicación de leyes que han sido derogadas o enmendadas a los hechos ocurridos durante el periodo en que éstas estuvieron vigentes, sin importar si resultan más favorables o desfavorables para el acusado. *Pueblo v. González Ramos*, *supra*. Dicho de otro modo, las cláusulas de reserva

constituyen una limitación al principio de favorabilidad. *Pueblo v. Torres Cruz*, *supra*; *Pueblo v. González Ramos*, *supra*.

Así pues, en su Art. 303, el Código Penal de 2012, incorporó una cláusula de reserva, la cual dispone que "[l]a conducta realizada con anterioridad a la vigencia de este Código en violación a las disposiciones del Código Penal aquí derogado o de cualquier otra ley especial de carácter penal se regirá por las leyes vigentes al momento del hecho". 33 LPRA sec. 5412. En cuanto a la aplicación del principio de favorabilidad establecido en el Art. 4 del Código Penal de 2012, -- a la luz de la cláusula de reserva contenida en su Art. 303 --, la profesora Dora Nevárez Muñiz comenta que el mismo será aplicable "a conducta delictiva realizada a partir del 1 de septiembre de 2012 cuando se apruebe una ley que sea más favorable que el Código Penal según vigente al momento de aprobación de la ley posterior con respecto a la situación de la persona". D. Nevárez Muñiz, *Derecho penal puertorriqueño*, 7ma ed. rev., San Juan, Inst. para el Desarrollo del Derecho, 2015, pág. 102. Véase, además, *Pueblo v. Torres Cruz*, *supra*.

Es decir, según la precitada disposición, el principio de favorabilidad no aplicaría a conducta realizada con anterioridad a la vigencia del Código Penal en cuestión, pero sí aplicaría de forma prospectiva a hechos delictivos ocurridos a partir de la vigencia del mismo.

III.

De otra parte, y por ser en extremo pertinente para la correcta disposición de la controversia ante nos, es menester señalar aquí que el 26 de diciembre de 2014 se aprobó la Ley Núm. 246-2014. Dicho estatuto introdujo una serie de cambios al Código Penal de 2012, ello a raíz de un entendido de que la legislación vigente en ese momento no incentivaba la rehabilitación del convicto.[4] **Entre otros asuntos, la precitada ley modificó las penas de varios delitos a los fines de reducirlas.**

Al estudiar las disposiciones de dicha ley, es importante resaltar que ésta no incluye una cláusula de reserva que prohíba su aplicación retroactiva. *Pueblo v. Torres Cruz*, *supra* (citando a D. Nevárez Muñiz, Código Penal de Puerto Rico, 3ra ed. Rev., San Juan, Inst. para el Desarrollo del Derecho, 2015, pág. 102). Por tal razón, el principio de favorabilidad opera de pleno derecho. *Pueblo v. Torres Cruz*, *supra*.

**En lo pertinente al caso que nos ocupa, la referida ley redujo la pena contemplada por violación al Art. 156 del**

---

[4] En la Exposición de Motivos de esta ley se expresó lo siguiente:

En cuanto a las penas, diversos sectores han validado que la legislación vigente no da espacio ni incentiva la rehabilitación del convicto, que no dispone penas alternativas a la reclusión en delitos de severidad intermedia y que coarta considerablemente la discreción judicial en este ámbito. Desde esta perspectiva, evaluamos diferentes opciones para atender las penas en el Código Penal de 2012 y decidimos trabajar en un modelo nuevo, mediante enmiendas al Código Penal de 2012, que estableciera un margen adecuado para la discreción judicial e instituyera un sistema de penas proporcionales a la gravedad de los delitos, que a su vez propiciaran la rehabilitación de la persona sentenciada. Ley Núm. 246-2014, Exposición de Motivos.

**Código Penal de 2012, 33 LPRA sec. 5222, articulado que codifica el delito de restricción de la libertad agravada. En la redacción original del Código Penal de 2012, la comisión de este delito acarreaba una pena de reclusión de ocho (8) años. No obstante, la Ley Núm. 246-2014 enmendó el referido Art. 156 para establecer una pena de tres (3) años.**

Asimismo, fue modificado el Art. 190 del Código Penal de 2012, 33 LPRA sec. 5260, el cual tipifica el delito de robo agravado y que, en su redacción original establecía una pena de reclusión de treinta (30) años. La Ley Núm. 246-2014 enmendó este artículo, de forma que dispusiera una pena de veinticinco (25) años.

IV.

A.

Por otro lado, como es sabido, existen ocasiones en las cuales una misma persona comete, mediante uno o más actos, varias ofensas, las cuales son valoradas y juzgadas conjuntamente en el mismo procedimiento judicial. Chiesa Aponte, *op. cit.*, pág. 71. Estas situaciones constituyen lo que se conoce como el concurso de delitos, figura que atiende la forma en que debe determinarse cuál es la pena que mejor refleja la gravedad del hecho y la culpabilidad del sujeto. *Íd.*

La teoría del concurso puede ocurrir en tres supuestos: el concurso ideal, el concurso medial y el concurso real. El primero de éstos -- concurso ideal -- se configura "cuando

un solo hecho o unidad de conducta infringe varios tipos delictivos que tutelan bienes jurídicos distintos". *Pueblo v. Álvarez Vargas*, 173 DPR 587, 592-593 (2008). En estos casos, se acusa al imputado por más de un delito para valorar adecuadamente sus actos. Sin embargo, toda vez que las diversas violaciones son producto de una misma conducta, solamente se sanciona al imputado con la pena del delito más grave. *Íd.*

El segundo supuesto, conocido como el concurso medial, contempla aquellas instancias en las cuales una persona comete más de un delito, pero todas las circunstancias apuntan a que uno de los delitos es medio necesario para cometer el otro. Aunque existe una pluralidad de hechos, estos casos se atienden bajo las normas del concurso ideal. *Pueblo v. Álvarez Vargas*, *supra*. Véanse, además, *Pueblo v. Calderón Álvarez*, 140 DPR 627 (1996); *Pueblo v. Meléndez Cartagena*, 106 DPR 338 (1977).

El tercer y último supuesto es el concurso real, el cual contempla aquellas situaciones en que varias unidades de conducta violan la misma ley o normas penales distintas. *Pueblo v. Álvarez Vargas*, *supra*. Es decir, cobija aquellas instancias en que existen varios actos y varios delitos. Véase Chiesa Aponte, *op cit.*, pág. 72.

B.

**En lo pertinente a la controversia ante nuestra consideración, es importante señalar que la Ley Núm. 246-**

**2014, *supra*, también enmendó el Art. 71 del Código Penal de 2012, 33 LPRA sec. 5104, el cual contiene las disposiciones relacionadas al concurso de delitos, cambiando su redacción para que leyera de la siguiente forma:**

(a) Concurso ideal y medial de delitos.- Cuando sean aplicables a un hecho dos o más disposiciones penales, cada una de las cuales valore aspectos diferentes del hecho, o cuando uno de éstos es medio necesario para realizar el otro, se condenará por todos los delitos concurrentes, pero sólo se impondrá la pena del delito más grave.

**(b) Concurso real de delitos.- Cuando alguien haya realizado varios delitos que sean juzgados simultáneamente, cada uno de los cuales conlleva su propia pena, se le sentenciará a una pena agregada, que se determinará como sigue:**

**(1) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.**

(2) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.

(3) En los demás casos, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento de la pena para el delito más grave. 33 LPRA sec. 5104.

Según comenta el profesor Luis E. Chiesa Aponte, el Código Penal de 2012 no regulaba el concurso real de forma expresa, por lo que "[era] de aplicación la segunda oración del Artículo 72, la cual dispon[ía] que en los casos de concurso no contemplados en el código, 'se acusará,

enjuiciará y sentenciará por cada uno de los delitos cometidos'. Chiesa Aponte, *op cit.*, pág. 72. Como se puede apreciar, la enmienda introducida por la Ley Núm. 246-2014, *supra*, resulta en un tratamiento más favorable para el imputado, pues establece ciertos límites a la pena que se puede imponer en casos donde se trate de un concurso real de delitos.

En cuanto a la aplicación de esta disposición, ya en *Pueblo v. Álvarez Vargas*, *supra*, este Tribunal se expresó en torno al Art. 79 del Código Penal de 2004, el cual era muy similar al Art. 71 del Código Penal de 2012, según enmendado. En esa ocasión, esta Curia sentenció que para aplicar el tratamiento del Art. 79 del Código Penal de 2004, *supra*, se deben cumplir los siguientes requisitos: (1) la identidad de sujeto activo; (2) la comisión por ese sujeto de varios delitos independientes entre sí; (3) un juicio simultáneo según las Reglas de Procedimiento Criminal, y (4) que una disposición especial no prohíba la formación de la pena agregada. *Íd.*, pág. 599.

Se resolvió, además, que para cumplir con el requisito de juicio simultáneo "no es necesario que los delitos acumulados surjan de un núcleo común de hechos punibles. Más bien, basta con que se configuren los requisitos para la acumulación de delitos en un solo proceso, según lo dispuesto en las Reglas de Procedimiento Criminal". *Íd.*, pág. 600. Es decir, conforme a las normas que regulan el enjuiciamiento

simultáneo, para la aplicación del concurso real de delitos establecido en el Art. 79 del Código Penal de 2004, supra -- y, de igual forma, en el Art. 71 del Código Penal de 2012, *supra*, según fue enmendado en el año 2014 -- "es necesario que los delitos en concurso sean de igual o similar naturaleza, surjan del mismo acto o transacción, surjan de dos o más actos o transacciones relacionadas entre sí, o sean parte de un plan común". *Íd.*, pág. 597. Es decir, deben cumplir con los requisitos que impone la Regla 37(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 37, para la acumulación de delitos en un mismo proceso judicial.

Es, precisamente, a la luz de la normativa antes expuesta, que procedemos a disponer del caso de marras.

V.

Como ya mencionamos, en el presente caso, el señor DiCristina Rexach alega que el Tribunal de Apelaciones erró al aplicar el principio de favorabilidad solamente al Art. 190 del Código Penal de 2012, *supra*, y concluir que sólo procedía modificar la pena por la violación de esta disposición. A la luz de la normativa antes discutida, entendemos que al señor DiCristina Rexach le asiste la razón.

Como correctamente resolvió el foro apelativo intermedio, conforme a las enmiendas hechas al Código Penal vigente, procedía modificar la pena que le fue impuesta por el delito de robo agravado, contenido en el Art. 190 del

Código Penal, *supra*. Ello, pues, en vista de que la Ley Núm. 246-2014, *supra*, no contenía una cláusula de reserva ni modificó la cláusula de reserva del Código Penal de 2012, no había impedimento alguno para la aplicación del principio de favorabilidad con respecto a las disposiciones de dicha ley.

**Sin embargo, este razonamiento era igualmente aplicable a la pena impuesta por el delito de restricción de libertad agravada, dispuesto en el Art. 156 del Código Penal, *supra*, la cual fue reducida por la Ley Núm. 246-2014, *supra*, de ocho (8) años a tres (3) años. No obstante, el Tribunal de Apelaciones omitió modificar dicha pena. Así pues, se cometió el error señalado.**

Ahora bien, al examinar la normativa discutida anteriormente, surge también que procedía modificar la pena del señor DiCristina Rexach, de forma que se ajustase a la enmienda hecha por la Ley Núm. 246-2014, *supra*, al Art. 71 del Código Penal de 2012, *supra*. Evidentemente, la referida enmienda resulta más favorable al imputado y, como mencionamos anteriormente, la Ley Núm. 246-2014, *supra*, no incluyó una cláusula de reserva, ni modificó la del Código Penal de 2012, *supra*. Por lo tanto, no hay impedimento alguno para aplicar el principio de favorabilidad a este asunto.

Según los hechos que surgen del expediente, el señor DiCristina Rexach cometió varios delitos mediante la comisión de varios actos. Más aun, los actos de éste cumplieron con la identidad de sujeto activo y la comisión de varios delitos

independientes entre sí. Asimismo, cumplieron con los requisitos dispuestos por las Reglas de Procedimiento Criminal para la celebración de un juicio simultáneo, a saber: que los delitos sean de igual o similar naturaleza; surjan del mismo acto o transacción; surjan de dos o más actos o transacciones relacionadas entre sí; o sean parte de un plan común. Además, no hay una disposición especial que prohíba la formación de la pena agregada, pues, como ya mencionamos, la Ley Núm. 246-2014, *supra*, -- que enmendó las disposiciones sobre el concurso de delitos -- no contiene una cláusula de reserva que impida su aplicación retroactiva. Por lo tanto, en el presente caso se configuraron las condiciones necesarias para la aplicación del concurso real de delitos.

Como bien reconoce el señor DiCristina Rexach en su petición de *certiorari*, el tratamiento antes discutido no es de aplicación a los delitos cometidos en violación a la Ley de Armas de Puerto Rico, *supra*, pues todas las penas de reclusión que se impongan bajo dicha ley especial deben ser cumplidas consecutivamente entre sí y consecutivamente con las impuestas bajo cualquier otra ley. 25 LPRA sec. 460b. De este modo, las disposiciones del Art. 71 del Código Penal de 2012, *supra*, según enmendadas por la Ley Núm. 246-2014, *supra*, sólo son de aplicación a las penas impuestas por los delitos cometidos en violación al referido Código Penal.

Así pues, conforme a lo antes discutido, procede modificar la sentencia del señor DiCristina Rexach, de forma que la pena de noventa y nueve (99) años impuesta por la comisión del delito de asesinato en primer grado (Art. 92) absorba las penas impuestas por los delitos de restricción de libertad agravada (Art. 156) (ocho (8) años); robo agravado (Art. 190) (treinta (30) años); conspiración (Art. 244) (tres (3) años); y destrucción de pruebas (Art. 285) (tres (3) años). Al sumar esta pena con las penas impuestas al amparo de la Ley de Armas de Puerto Rico, *supra*, -- portación y uso de armas de fuego sin licencia (Art. 5.04) (veinte (20) años); uso de arma blanca (Art. 5.05) (tres (3) años); y disparar y apuntar con armas de fuego (Art. 5.15) (cinco (5) años) -- resulta en una pena de reclusión total de **ciento veintisiete (127) años**.

En cuanto a los planteamientos de la Oficina del Procurador General debemos señalar que el Código Penal de 1974, *supra*, vigente al momento de los hechos relatados en *Pueblo v. Suárez Fernández*, *supra*, no contemplaba la figura del concurso real de delitos ni, mucho menos, el tratamiento favorable que confiere el Código Penal de 2012, *supra*, luego de ser enmendado en el 2014.[5] De hecho, al leer la

---

[5] Sobre el concurso de delitos, el Art. 63 del Código Penal de 1974, *supra*, disponía lo siguiente:

Salvo lo dispuesto en la sección siguiente, un acto u omisión penable de distintos modos por diferentes disposiciones penales, podrá castigarse con arreglo a cualquiera de dichas disposiciones, pero en ningún caso bajo más de una.

descripción que hizo el Tribunal en *Pueblo v. Suárez Fernández*, *supra* -- entiéndase la de un acto genera más de una lesión, en cuyo caso constituye un delito punible separadamente de los demás -- ésta resulta muy similar a la definición de concurso real que provee el Art. 71 del Código Penal de 2012, *supra*, según enmendado. Ahora bien, según previamente explicado, el mandato legislativo sobre absorción de penas conlleva consecuencias jurídicas distintas.

Con respecto al planteamiento de que los delitos imputados en el presente caso "no son de igual o similar naturaleza", es importante recordar que este lenguaje surge de la Regla 37(a) de Procedimiento Criminal, *supra*, la cual dispone los requisitos para la acumulación de delitos. Claramente, nos encontramos ante un plan común que surge de un mismo acto. Es decir, en el presente caso se cumplieron estos requisitos, pues, de lo contrario no se hubiese podido llevar a cabo el enjuiciamiento simultáneo de los delitos cometidos por el señor DiCristina Rexach. Se cometieron, pues, los errores antes señalados.

VI.

Por los fundamentos antes expuestos, se modifica la *Sentencia* del Tribunal de Apelaciones y se devuelve el caso

---

La absolución o convicción y sentencia bajo alguna de ellas impedirá todo procedimiento judicial por el mismo acto u omisión, bajo cualquiera de las demás.33 LPRA sec. 3321 (derogado).

al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


                                    Ángel Colón Pérez
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                  CC-2018-1015        *Certiorari*

Ricardo Alfonso DiCristina
Rexach

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 5 de agosto de 2020.

Por las razones expuestas en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se modifica la *Sentencia* del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Pabón Charneco disiente y hace constar la siguiente expresión a la que se une el Juez Asociado señor Rivera García:

> La Jueza Asociada señora Pabón Charneco disiente pues la Opinión que hoy emite este Tribunal reconoce de por sí y automáticamente 'las dificultades que puede enfrentar un confinado o confinada

para notificar un recurso judicial' como justa causa para eximir de este requisito a la parte peticionaria. Véase, Opinión, pág. 5, esc. 2. En este caso, la parte peticionaria incumplió con el requisito de notificación de la Petición de *Certiorari* presentado ante el Tribunal Supremo y conllevó que se expidiera el recurso sin la comparecencia de la Oficina del Procurador General. Sin embargo, reiteradamente hemos expresado que las normas que rigen el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013). Por lo tanto, y salvo justa causa, toda parte debe cumplir con el requisito de notificación a la parte contraria. La 'realidad del confinado' ni su 'condición de confinado' constituyen de por sí justa causa para eximirle automáticamente de tan importante requisito. *Rosario Mercado v. ELA*, 189 DPR 561 (2013); *ELA v. Martinez Zayas*, 188 DPR 749, 751 (2013)(opinión de conformidad de la Jueza Asociada Señora Pabón Charneco, a la cual se unieron los Jueces Asociados Señores Martínez Torres, Rivera García y Feliberti Cintrón)".

La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.


                              José Ignacio Campos Pérez
                           Secretario del Tribunal Supremo